**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ABC SUPPLY CO., INC.**                                                     **PLAINTIFF**

**V.**                                       **NO. 3:23-CV-363-DMB-RP**

**SHANNON-GREEN
CONSTRUCTION, LLC;
P & M ENTERPRISES LLC;
and MARY GREEN**                                        **DEFENDANTS**

**ORDER**

After the Court granted in part ABC Supply Co.'s motion for a default judgment against Shannon-Green Construction and P & M Enterprises, ABC Supply submitted information and evidence regarding its request for attorneys' fees and costs. Because the requested fees and costs are reasonable, they will be awarded and included in the final judgment.

**I
Relevant Procedural Background**

On January 15, 2025, the Court granted in part ABC Supply Co., Inc.'s motion for a default judgment against Shannon-Green Construction, LLC, and P & M Enterprises LLC,[1] "to the extent a default judgment will be entered … for at least $495,461.54 ($425,288.91 for outstanding invoices and $70,172.63 for pre-judgment interest), along with post-judgment interest at the statutory rate." Doc. #45 at 9–10. The Court denied the motion without prejudice in all other respects to the extent "the Court [could ]not evaluate the reasonableness of the fees and costs requested" but allowed ABC Supply "to submit specific information and evidence supporting its request for attorneys' fees and costs as well as the amount of pre-judgment interest accrued since the filing of the motion for default judgment." *Id.* at 9, 10. Two weeks later, ABC Supply timely

---

[1] The parties who appeared stipulated to Green's dismissal with prejudice on May 31, 2024. Doc. #39.

filed a document titled, "Attorneys' Fees and Prejudgment Interest Supplement to [Its] Second Motion for Default Judgment" ("Supplement"), attaching as exhibits an "Affidavit of James Tulp Verifying Attorneys' Fees and Expenses" and copies of invoices. Docs. #46, #46-1, #46-2.

## II
## Discussion

In its Supplement, ABC Supply submits that "[t]he total attorneys' fees incurred by [it] in this case are $26,722.00;" "the total expenses incurred are $675.60;" and "the total prejudgment interest to which [it] is entitled is $116,942.76." Doc. #46 at 1–2.

### A. Attorneys' Fees and Costs

"'The United States Supreme Court adopted the 'lodestar' method of calculating reasonable attorney fees'" which, when determining a reasonable attorneys' fees award, "use[s] as a starting point the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate." *Tupelo Redev. Agency v. Gray Corp.*, 972 So. 2d 495, 521–22 (Miss. 2007) (quoting *BellSouth Pers. Commc'ns, LLC v. Bd. of Supervisors of Hinds Cnty.*, 912 So. 2d 436, 446–47 (Miss. 2005)). Once the lodestar amount is determined, a court must consider the twelve factors articulated by the Supreme Court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Id.* at 522.

### 1. Lodestar calculation

In his sworn affidavit, Tulp, "an associate of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C." ("Baker Donelson")[2] who, along with "other members of Baker Donelson have represented ABC Supply Co., Inc.," attests that ABC Supply "was billed at [the] firm's standard

---

[2] Tulp's affidavit may be used to assess ABC Supply's request for attorneys' fees. *See Tyler v. Cedar Hill Indep. Sch. Dist.*, 433 Fed. App'x 265, 267 (5th Cir. 2011) (" [T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

2

hourly rates [which] are set by Baker Donelson based upon the relevant professional's experience, training, background and knowledge." Doc. #46-1 at 1–2. Tulp's affidavit lists five Baker Donelson attorneys and staff members who expended hours during the pendency of this case, along with their hourly rates: (1) "Sterling Kidd, Shareholder," at the "standard rate" of $440 per hour in 2023 and $495 in 2024; (2) "Audrey Hurt, Associate," at the "standard rate" of $305 per hour in 2023; (3) "Michael Matthews, Paralegal," at the "standard rate" of $270 per hour in 2023 and $310 in 2024; (4) Tulp himself, at the "standard rate" of $285 per hour in 2023 and $320 per hour from January 4, 2024 through February 5, 2024, and $335 per hour from March 18, 2024 through December 11, 2024; and (5) "Conner Whitten, Associate," at the "standard rate" of $315 per hour in 2023 and $370 per hour in 2024.[3] *Id.* at 2. According to Tulp, these rates are "consistent with and within the range of rates of attorneys and staff of similar experience and reputation in the Jackson, Mississippi area." *Id.*

Based on the invoices attached to the Supplement, the listed attorneys spent a total of eighty-three hours litigating this case from September 7, 2023, through January 8, 2025, resulting in attorneys' fees in the amount of $26,722.00. Doc. #46-2 at PageID 599–616. The total expenses, which are comprised of the complaint filing fee and service of process fees, are $675.60. *Id.* at PageID 600–04. Based on the Court's review of the record, the specified hourly rates and the number of hours spent litigating this case are reasonable, especially given the $425,288.91 in outstanding invoices owed ABC Supply. *See Weeks v. S. Bell Tel. and Tel. Co.*, 467 F.2d 95, 97 (5th Cir. 1972) ("The determination of a reasonable attorney's fees is left to the sound discretion

---

[3] There appears to be an inconsistency between the billing rates detailed in Tulp's affidavit and the billing rates listed on the invoices. *Compare, e.g.,* Doc. #46-1 at 2 *with* Doc. #46-2 at PageID 605 (Matthews, Kidd, Tulp, and Whitten billing their 2023 rates on January 9, 2024); *id.* at PageID 606–07 (Tulp billing $320 on February 16, 2024, through March 12, 2024). Because "[t]he documentation submitted by [ABC Supply is] sufficient for the court to verify that [it] has met its burden" in establishing an entitlement to attorneys' fees and costs, this inconsistency does not alter the Court's ruling. *Tyler*, 433 Fed. App'x at 267 (citation omitted).

3

of the trial judge."); *see also Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) ("There exists a strong presumption of the reasonableness of the lodestar amount.").

### 2. *Johnson* factors

The *Johnson* factors to consider are (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[4] 488 F.2d 714, 717–19 (5th Cir. 1974). In evaluating these factors, "[t]he Fifth Circuit has cautioned that courts should refrain from considering factors that are subsumed within the lodestar analysis." *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 226 n.6 (5th Cir. 2008).

Because factors one, two, three, five, seven, eight, and nine are reflected in the lodestar amount, the Court will not consider them. *See Walker v. U.S. Dep't of Housing and Urban Dev.*, 99 F.3d 761, 771–72 & n.12 (5th Cir. 1996) ("'[T]he district court must be careful … not to double count a Johnson factor already considered in calculating the lodestar.'") (quoting *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993)). And "[t]he Supreme Court has barred any use of the

---

[4] These factors are virtually identical to the factors outlined in the Mississippi Rules of Professional Conduct regarding what should be considered in evaluating the reasonableness of an attorney's fee. *See* Miss. R. Prof. Conduct 1.5(a) ("The factors to be considered in determining the reasonableness of a fee include … (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.") (paragraph formatting omitted).

sixth factor." *Id.* at 772. So, the Court limits its examination to the fourth, tenth, eleventh, and twelfth factors.

Given the absence of information or evidence that ABC Supply's counsel was precluded from gaining other employment as a result of this case or that the case was undesirable, or regarding the nature and length of the professional relationship between ABC Supply and its counsel, the fourth, tenth, and eleventh factors are neutral. As for the twelfth factor, the Court concludes the lodestar amount is in line with similar awards. *See, e.g., Harrison v. McMillan*, 828 So. 2d 756 (Miss. 2002) (affirming $32,833.67 attorneys' fees award in breach of contract case).

### B. Pre-Judgment Interest

The Court "award[ed ABC Supply] pre-judgment interest at an annual rate of 18%—which … amount[ed] to $70,172.63 as of the filing of ABC's motion." Doc. #45 at 8. ABC Supply submits that "[f]rom the Motion Date until the date of the Default Judgment Order, January 15, 2025 …, the prejudgment interest amounted to $46,770.13." Doc. #46 at 2. Because this sum is consistent with application of that rate over the time period at issue, it will be included in the total amount of pre-judgment interest awarded.

### III
### Conclusion

A default judgment will be entered against Shannon-Green Construction, LLC, and P & M Enterprises LLC, in the amount of $569,629.27 ($425,288.91 for outstanding invoices; $116,942.76 for pre-judgment interest; $26,722.00 for attorneys' fees; and $675.60 for costs), along with post-judgment interest at the statutory rate.

**SO ORDERED**, this 25th day of August, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

5